UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | Criminal No. 3:09-cr-106-C |
| v. ) | |
| ) | |
| BERNARD SHERRILL, ) | **CONSENT ORDER AND** |
|     also known as "Kentay Perry," ) | **JUDGMENT OF FORFEITURE** |
|     Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

- A Kimber .45 caliber handgun and several rounds of ammunition seized on or about March 28, 2008
- A High Point 9mm Lugar handgun, a Ruger .41 caliber handgun and numerous rounds of ammunition seized on or about April 23, 2009

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28

U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
Steven R. Kaufman
Assistant United States Attorney

_____
Bernard Sherrill, a/k/a Kentay Perry
Defendant

_____
Julia Mimms, Esq.
Attorney for Defendant

Signed this the 15th day of September 2009.

_____
THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE

2